# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### DOCKET NO. 1:16-cv-00361-MOC
### Related Bankruptcy Case: 13-01019

| | | |
|---|---|---|
| BRENDA L. LIVESAY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| LANGDON M. COOPER, Trustee in | ) | |
| Bankruptcy for CEI, LLC aka | ) | |
| Communications Electrical | ) | |
| Industries, LLC; KENNETH W. LIVESAY; | ) | |
| and GLOBAL FIBER, LLC, | ) | |
| | ) | |
| Appellees | ) | |

**THIS MATTER** is before the Court on the second appeal of Brenda Livesay ("appellant") from a series of decisions arising in the United States Bankruptcy Court ("bankruptcy court") in an adversary proceeding, Cooper v. Livesay, 13-01019 (Bankr. W.D.N.C) (hereinafter "the bankruptcy action" or "bankr."). While the appeals lodged herein mainly concern the bankruptcy court's disposition of discovery matters, the appellant ultimately takes issue with that court's denial of her Second Renewed Motion to Intervene. See Notice of Appeal (#1) and Appellant's Brief (#4).

## I.

The procedural history of this appeal is somewhat involved. The plaintiff previously

sought to intervene in the bankruptcy action and dissatisfied with the bankruptcy court's denial of that motion under Rule 24, Federal Rules of Civil Procedure, appealed that decision to this Court. Livesay v. Cooper, 1:15cv172 (W.D.N.C.) ("Livesay I"). Inasmuch as many of her motions upon return to the bankruptcy court and here appeal herein cite to Livesay I (see Appellant's Brief (#4) at 2), this Court affirmed the bankruptcy court's denial of the Motion to Intervene, denied a Motion to Reconsider that determination, but made such determination without prejudice as to raise her allegation (made with this appellate court in the first instance) that counsel in adversary proceeding had misled the bankruptcy court. The Court's resolution of Livesay I will be discussed in greater detail, *infra*.

Turning now to this appeal, an Amended Bankruptcy Scheduling Order was enter by this court on February 7, 2017. See Text Only Order (ECF 21712017). In accordance with that Order, the appellees' responsive briefs were due to be filed not later than February 21, 2017. Appellees did not file responsive briefs.

## II.

This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. §§ 158(a)(l) and 1334. As the appellee has not responded within the time allowed, the Court has considered the merits of appellant's appeal based on the arguments she presented in her brief and considered the record on appeal as presented in her Designation (#5). The court has reviewed the appealed bankruptcy court decisions (#1-1 & #1-2), the appellant's filings related to this case, and the transcripts of proceedings before the bankruptcy court,

including the key proceedings on October 4th and October 16th, 2016. (Bankr. #83 & #84). Inasmuch as appellees have not responded, the Court has read appellant's arguments in a light most favorable to her. For the reasons that follow will, however, dismiss the appeal and again affirm the determinations of the bankruptcy court.

III.

As this is a second appeal from the bankruptcy court, the following background is drawn largely from the Court's earlier Orders in Livesay I.

Appellant is both a beneficiary and a trustee of Ronald B. Livesay's (deceased) Revocable Trust. Additionally, appellant is a creditor of Communications Electrical Industries ("CEI" or "Debtor"), a limited liability corporation that filed Chapter 7 bankruptcy. On June 4, 2013, Langdon M. Cooper, Trustee in Bankruptcy for CEI, ("Appellee" or "Trustee") filed the underlying adversary action against Global Fiber, LLC and Kenneth W. Livesay (collectively referenced herein as "Defendants") in the bankruptcy court.

Prior to filing the first appeal, appellant sought leave to intervene in the underlying adversary proceeding as a party plaintiff pursuant to Fed. R. Civ. P. 24 on March 19, 2015, which was then almost two years after the underlying proceeding was initiated. After all parties briefed the issue of intervention, the Honorable George R. Hodges, United States Bankruptcy Judge, held a hearing on appellant's Motion to Intervene on April 21, 2015, and thereafter denied the motion by written order on July 28, 2015. See (Bankr. # 30).

Judge Hodges found that appellant had an interest in the proceedings, but did not qualify as an intervenor for the reasons outlined by both parties to the adversary proceeding in their briefing and in statements before the Bankruptcy Court. (Bankr. Doc. No. 37) at 16. Judge Hodges' stated at the conclusion of the hearing:

> Well, I think I have to deny the motion to intervene for the reasons that Ms. Youngs [counsel for Trustee] and Mr. Kight [counsel for Global Fiber] outlined and that are contained in the papers. I think the -- Ms. Livesay just does not qualify as somebody who's entitled to intervene. Although she has an interest, it is not one that qualifies her to intervene. So, Ms. Youngs, I'll ask you to draw the order on that if you would, please.

Id. The parties to the adversary proceeding pointed out that appellant failed to meet the requirements of an intervenor as a matter of right under Fed.R.Civ.P. 24(a)(2) because she did not make a timely motion, or show that her interests would not be adequately represented by the parties. The written Order entered by the bankruptcy court stated, in its entirety:

> This matter came on to be heard on April 21, 2015 on the Motion to Intervene (docket no. 26) filed by Brenda Livesay and the subsequent responses filed by Defendant Global Fiber, LLC (docket no. 27) and the Plaintiff Trustee (docket no. 28). After review of the record and hearing argument, the Court concludes and it is, hereby ORDERED that the Motion to Intervene is denied.

See (Bankr. # 30). While the bankruptcy court did not make explicit findings of fact in its written Order, it stated that its decision was based on the arguments and reasons of counsel for Global Fiber and the trustee. (Bankr. # 37).  For the reasons discussed in dismissing the

Livesay I, this court affirmed the bankruptcy court's denial of the Motion to Intervene.

Rather than appeal that decision to the Fourth Circuit, appellant elected to file a Motion to Reconsider the Order affirming the bankruptcy court's denial of the Motion to Intervene. See (Motion for Reconsideration, Livesay I #23). In denying the Motion to Reconsider, this Court held as follows:

> Finally, Appellant notes that in its prior Order (#21), the court quoted and relied upon Appellee's Brief, which represented that "almost three years['] worth of negotiations, litigation, and trial preparation" had occurred in this case. *See* Appellee's Br. (#12) at p. 9; Order (#21) at p. 6. Appellant contends that such statement [by appellee] is inaccurate, that there has been no litigation, and the trial preparation rises or falls with the extent of discovery. To the extent that Appellant alleges that Appellee made factual misrepresentations to the court in its brief, the court does not take such allegations lightly. However, as this court is sitting as an appellate court in reviewing the decision of the Bankruptcy Court, it will not engage in fact-finding in the first instance as to what discovery has or has not occurred in this case. *See Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 575-76 (4th Cir.1995) ("It is a basic tenet of our legal system that, although appellate courts often review facts found by a judge or jury ..., they do not make such findings in the first instance."). As such, to the extent that Appellant wishes for the Bankruptcy Court to consider a dispute between the parties regarding the extent of discovery completed as such facts might have some bearing on intervention, the court will allow Appellant to make a renewed motion before the Bankruptcy Court.

(Livesay I #24 at 4-5). The Court then concluded the Order by providing that it "AFFIRMS its prior Order (#21) without prejudice to Appellant to make a renewed Motion before the Bankruptcy Court renewing any allegations of evidentiary disputes as to the extent of discovery in this case that Appellant may wish the Bankruptcy Court to consider in the first

instance." Id. at 5.

However unartful that final line of the Order may seem or actually be, all the leave that this Court afforded appellant was to renew before the bankruptcy court its allegation that appellee's statement that "almost three years['] worth of negotiations, litigation, and trial preparation" had occurred in this case was inaccurate. Id. at 4. This Court explained that because it was "sitting as an appellate court in reviewing the decision of the Bankruptcy Court, it will not engage in fact-finding in the first instance as to what discovery has or has not occurred in this case." Id.

On her return to bankruptcy court, appellant filed with the bankruptcy court a Second Amended Renewed Motion to Intervene and a Motion for Discovery, which were both denied by the bankruptcy court. (Appellant's Brief (#4) at 2). Appellant's Second Amended Renewed Motion to Intervene did not squarely tee-up her allegation that Judge Hodges' denial of Intervention was based on a misrepresentation. More importantly, she did not reveal her basis for concluding that a misrepresentation had occurred, but instead informed the bankruptcy court in relevant part, as follows:

> Applicant requests this Court to conduct an evidentiary hearing pursuant to this renewed motion to intervene and make detailed findings of fact concerning the nature and extent of discovery undertaken by Mr. Cooper prior to the filing of applicant's motion to intervene. The findings of fact should include, *inter alia*, the numbers of written interrogatories submitted by Mr. Cooper and answered, requests for productions of documents submitted by Mr. Cooper and responded to, any request for admissions submitted by Mr. Cooper and the responses thereto, and most importantly the depositions conducted by or on behalf of Mr. Cooper in the prosecution of

this adversary proceeding. The detailed findings of fact should be made so that the District Court can effectively review the same pursuant to *Jenkins*, *supra*.

(Bankr. #50 at 3) (footnote omitted). While it appears from the transcript that Judge Hodges was able to discern that appellant was asserting that a misrepresentation (see discussion *infra*), she did not inform Judge Hodges of her basis for making such assertion.

On October 4, 2016, the bankruptcy court denied appellant's Motion for Discovery (Bankr. # 51). After the Motion for Discovery was denied on October 4, 2016, appellant issued subpoenas and attempted to serve those on counsel for the parties in the adversary proceedings. In essence, those subpoenas would have required counsel for the parties to disclose and share with counsel for appellant the discovery they had completed in the bankruptcy proceeding. Those subpoenas were, however, quashed by the bankruptcy court at a hearing on October 18, 2016. Judge Hodges found that appellant lacked authority under Rule 45 to issue those subpoenas. Judge Hodges concluded at the October 18, 2017, hearing, as follows:

> The Court denied the intervention and that was affirmed. I see no reason to change any of that for the reasons that it was denied in the first place. And I don't believe that opening up a fishing expedition into the efforts at discovery by the parties is proper by a nonparty. And I don't believe that overall justice will be served by the intrusion of the nonparty into this matter. I think that the parties -- there's no indication that the parties have not proceeded appropriately and I think they should be best left to do that without further intrusion.

(Bankr. Doc. # 84 at 10-11).

IV.

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of the decisions of bankruptcy courts. On appeal from a bankruptcy proceeding, the court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. Jenkins v. Simpson, 784 F.3d 230, 234 (4th Cir. 2015). "Findings of fact are clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Weiss, 111 F.3d 1159, 1166 (4th Cir. 1997) (internal quotation marks omitted).

V.

The Court has reviewed the appeal and the record submitted. On this appeal, appellant presents the following issues:

I. Whether the bankruptcy court erred in denying Brenda Livesay's motion for discovery;

II. Whether the bankruptcy court erred in quashing the subpoenas issued by Brenda Livesay;

Ill. Whether the bankruptcy court erred in denying the motion for reconsideration without making any evidentiary determinations as to discovery undertaken in the adversary proceeding; and

IV. Whether the court should modify its prior affirmation (Livesay I, #21) of the bankruptcy court's denial of Ms. Livesay's motion to intervene in light of any findings the court may make relating to the nature, extent, and sufficiency of the discovery undertaken in the adversary proceeding.

Intervention in an adversary proceeding is governed by Rule 24 of the Federal Rules

of Civil Procedure. <u>See</u> Fed.R.Bankr.P. 7024 (applying Fed.R.Civ.P. 24(a)(2) to adversary proceedings). Rule 24 contemplates two means of intervening in an existing litigation: as of right (via Fed. R. Civ. P. 24(a)) or through permission by the court (vie Fed. R. Civ. P. 24(b)). The "standard of review for the bankruptcy judge's denial of intervention of right under Rule 24(a)(2) is de novo, while a denial of permissive intervention under Rule 24(b) by a bankruptcy judge is reviewable under an abuse of discretion standard." <u>Pasternak & Fidis, P.C. v. Wilson</u>, No. GJH-14-01307, 2014 WL 4826109, at *2 (D. Md. Sept. 23, 2014) (internal citations and quotation marks omitted). <u>See</u> <u>also</u> <u>Francis v. Chamber of Commerce of U. S</u>., 481 F.2d 192, 194-95 (4th Cir. 1973) ("we acknowledge the rule that a denial of permissive intervention may be reversed only for an abuse of discretion by the district court.").

Timeliness of the Motion to Intervene was central to the bankruptcy court's earlier determination and it was again implicit in appellant's Second Amended Renewed Motion to Intervene. The Court notes that a party seeking to intervene under either Federal Rule of Civil Procedure 24(a) or 24(b) may do so only upon the filing of a "timely motion." <u>See</u> Fed.R.Civ.P. 24. The determination of timeliness "will not be disturbed on appeal absent an abuse of that discretion." <u>Alt v. U.S. E.P.A.</u>, 758 F.3d 588, 591 (4th Cir. 2014) (applying abuse of discretion standard for timeliness determination as to Rule 24).

Appellant's assignments of error will be reviewed *seriatim*.

A.

Appellant first argues that the bankruptcy court should have granted appellant's Motion for Discovery. Appellant's Brief (#4) at 3. In assigning error, appellant contends that such determination is contrary to the language of this Court's prior Order.

As discussed above, this Court denied appellant's Motion to Reconsider without prejudice to allow for the "renewing [of] any allegations of evidentiary disputes as to the extent of discovery in this case that Appellant may wish the Bankruptcy Court to consider in the first instance." (Livesay I #24 at 5). When read with text of the Order, the leave granted appellant was to attempt to pursue her contention in the bankruptcy court that counsel in the adversary proceeding had misrepresented the breadth of discovery conducted. This Court envisioned that appellant would accomplish this by filing with the bankruptcy court a Motion to Reconsider Denial of Intervention, supported by a brief laying out the facts which informed appellant's conclusion that appellee's representations were "inaccurate." Indeed, this Court specifically held:

> to the extent that Appellant wishes for the Bankruptcy Court to consider a
> dispute between the parties regarding the extent of discovery completed as
> such facts might have some bearing on intervention, the court will allow
> Appellant to make a renewed motion before the Bankruptcy Court.

(Livesay I #24 at 4-5). Such Order did not, however, direct or in any manner "instruct" the bankruptcy court on how it should rule on any renewed motion. From the language of this Court's Order, it was appropriate for the bankruptcy court to exercise its own sound

discretion in deciding any renewed motion.

Turning to the substance of the bankruptcy court's Order denying the Motion for Discovery, this Court has reviewed that determination and finds no legal or factual error or any abuse of that court's discretion. The bankruptcy court clearly stated its reasons for denying the requests for discovery. <u>See</u> (Bankr. (#83) at 8). After hearing the arguments of counsel, Judge Hodges held "I don't believe I should allow the discovery. It would essentially be precomplaint discovery, but -so I'll deny the motion for discovery at this point." <u>Id.</u> at 8. Put another way, Judge Hodges denied the request for discovery because appellant was not a party to the litigation. The decision of the bankruptcy court denying appellant's discovery request is affirmed.

## B.

The appellant next claims that the bankruptcy court erred in quashing her subpoenas. Appellant's Brief (#4) at 4. After the bankruptcy court denied appellant's request to take discovery, she resorted to issuing subpoenas to counsel that would require them to reveal to appellant the discovery that had been conducted in the adversary proceeding. At the October 4, hearing, the following exchange took place:

> MR. BREWER: Do I need leave of the Court to issue subpoenas to the lawyers, subpoenas *duces tecum*, to bring these documents and transcripts of depositions that may have been taken and requests for production of documents, interrogatories and answers to all those?
>
> MR. KIGHT: Your Honor, we would object to that. I mean, that's tedious and time consuming and costs money and they're not even a

party to the case at this point.

THE COURT: I don't know the answer to the question about leave of Court. But we'l -

MR. BREWER: I'll just issue one, Your Honor.

THE COURT: And they'll object and then we'll deal with that.

(Bankr. #83 at 8-9). In relevant part, the appellant contends that it was her desire to create a record on the renewed motion to intervene, which, she argues, this Court's earlier Order had "left open for further development." Id. The appellant contends that the bankruptcy court should have allowed the subpoenas to move forward based on this Court's Order.

This Court disagrees with appellant's broad reading of the Order denying the Motion to Reconsider. First, the earlier decision in no manner constrained or even suggested an outcome if appellant decided to pursue with the bankruptcy court her contention that counsel in the adversary proceeding had made misrepresentations that undermined the decision on intervention. Thus, the bankruptcy court in deciding the issue anew in no manner ran afoul of this Court's earlier Order. Clearly, that extraordinary relief which appellant sought (discovery by a non-party) was foreclosed by not informing the bankruptcy court of her *basis* for concluding that a misrepresentation had occurred.

Turning to the substance of the bankruptcy court's Order and the transcripts, made part of the Record on Appeal by appellant, this Court again finds no legal or factual error or any abuse of that court's discretion. See Record on Appeal (#5), Exhibits 26 & 27. In

particular, Judge Hodges explained his reasons for quashing the subpoena during the last hearing:

> Well, I believe I should quash these subpoenas and deny all efforts at Ms. Livesay's discovery in this matter. My silence on the issue at the previous hearing was not an indication of any approval. It was just a refusal to give an opinion on something that wasn't before me. So I've not previously approved any of it. Ms. Livesay is not a party. The Court denied the intervention and that was affirmed. I see no reason to change any of that for the reasons that it was denied in the first place. <u>And I don't believe that opening up a fishing expedition into the efforts at discovery by the parties is proper by a nonparty</u>. And I don't believe that overall justice will be served by the intrusion of the nonparty into this matter. I think that the parties -- <u>there's no indication that the parties have not proceeded appropriately and I think they should be best left to do that without further intrusion</u>.
> So I'll quash the subpoenas that have been issued or that are out to be issued and will otherwise deny the pending motions.

(Bankr. (#84) at 10-11)(emphasis added). Based on the record before this Court, Judge Hodges' decision to quash appellant's subpoenas was appropriate under Rule 45, Federal Rules of Civil Procedure, because appellant was not a party to the bankruptcy proceeding. As she was not a party to the proceeding, she could not issue subpoenas in the bankruptcy proceeding. Based on the record before this Court, the decision of the bankruptcy court quashing appellant's subpoenas is affirmed.

## C.

Third, appellant contends that the bankruptcy court's denial of the Motion for Reconsideration was error as it did not make any evidentiary determinations as to discovery undertaken in the adversary proceeding. Appellant's Brief (#4) at 4. Relying on the

language of this Court's earlier Order, the appellant argues that this Court's use of "without prejudice" meant that the bankruptcy court was directed to not deny the Motion to Reconsider whatever the extent of discovery in the case. Id.

Using the term "without prejudice" is in no manner synonymous with remanding a matter with instructions; rather, the use of that term simply permitted the appellant to renew the argument she asserted for the first time in her Motion to Reconsider before the court below, which she did. The bankruptcy court was, in turn, free to decide the issue presented. Judge Hodges' determination, in turn, is legally and factually correct and in no manner can be deemed an abused of its discretion. As to appellant theory that it somehow contravened this Court's Order denying her Motion to Reconsider, Judge Hodges' Order is in no way contrary to any Order in Livesay I.

## D.

With regard to the fourth claim of error, the Court finds this claim of error to be more akin to a request for relief from this Court. In particular, appellant asks this Court to modify its affirmance of the bankruptcy court's denial of her Motion to Intervene if it finds that the bankruptcy court committed error in not allowing her to pursue discovery related to proving counsel had misrepresented what discovery had been accomplished.

This argument provides the Court with an opportunity to discuss what it believes is the crux of appellant's concern: how can she disprove the basis for Judge Hodges' denial of her Rule 24 motion when she is not allowed to look beyond counsels' claims that substantial

-14-

discovery had been conducted?

The problem with the argument, as this Court sees it, is that appellant has presupposed that an unsupported claim that attorneys have made a misrepresentation entitles her to discovery as to what discovery those attorneys have actually done. It doesn't. In the proceedings below, appellant at no time moved her allegation of misrepresentation from anything other than "conclusory." Judge Hodges was accurate when he labeled appellant's attempts to support that claim as a "fishing expedition." Clearly, Judge Hodges recognized that appellant failed to provide the court with any basis for her conclusion of misrepresentation when he concluded that "there's no indication that the parties have not proceeded appropriately." (Bankr. #84 at 10-11).

The fact that Judge Hodges did not require the attorneys in the adversary proceeding to wheel-in their discovery to support their statements, either initially or in the second go-round, does not move this Court to conclude that any error occurred. Just as in daily life, courts accept statements and representations unless they have some reason to doubt the veracity of the speaker. A conclusory allegation from a disappointed intervenor does not in and of itself raise a reasonable doubt. This Court need look no further than Rule 9, which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

Where the veracity or credibility of an attorney is seriously called into question, this Court could foresee conducting an evidentiary hearing. However, to raise an allegation of

misrepresentation from mere conjecture to a level that would warrant such proceedings requires that the party making the accusation come forward with the evidence that informs her accusation.  Clearly, the bankruptcy court found no basis and denied the relief sought.

There is, therefore, no reason on these assignments of error to again revisit this Court's earlier affirmation of the denial of appellant's request to intervene. Finding no error in the decisions of the bankruptcy court challenged in this appeal, this Court affirms the Orders appealed from and dismisses the appeal with prejudice.

ORDERS AFFIRMED, APPEAL DISMISSED WITH PREJUDICE

The Clerk of Court is respectfully instructed to transmit a copy of this Order to the Clerk of the Bankruptcy Court.

Signed: March 17, 2017

Max O. Cogburn Jr.
United States District Judge